THE STATE OF OHIO, APPELLEE, *v.* WILCOX, APPELLANT.

(No. 83-CA-21—Decided November 16, 1983.)

*Mr. Keith A. Boger,* for appellee.
*Mr. Douglas W. Warnock,* for appellant.

MILLIGAN, J. Defendant-appellant, Daniel L. Wilcox, was convicted of driving while intoxicated pursuant to R.C. 4511.19(A)(3). This recent amendment prohibits operation of a motor vehicle with a breath alcohol concentration at or in excess of ten-hundredths of one gram by weight of alcohol per two hundred ten liters of breath.

Appellant moved to dismiss the complaint on April 4, 1983. Following a hearing, the Delaware Municipal Court overruled the motion. Appellant entered a plea of no contest and was found guilty by the trial court.

Appellant assigns two errors:

Assignment of Error No. I

"The trial court erred in overruling the pretrial motion of defendant-appellant Daniel L. Wilcox to dismiss the complaint

(Uniform Traffic Ticket Number B264119) because the statute under which the said defendant-appellant Daniel L. Wilcox was charged in the said complaint, Section 4511.19(A)(3) of the Ohio Revised Code, is unconstitutional in that the said statute is vague and uncertain, *i.e.,* 'void for vagueness,' and, therefore, violates the guarantees of due course of law in Article I, Section 16 of the Ohio Constitution and of due process of law in the Fourteenth Amendment to the United States Constitution."

### Assignment of Error No. II

"The trial court erred in overruling the pretrial motion of defendant-appellant Daniel L. Wilcox to dismiss the complaint (Uniform Traffic Ticket Number B264119) because the statute under which the said defendant-appellant Daniel L. Wilcox was charged in the said complaint, Section 4511.19(A)(3) of the Ohio Revised Code, is unconstitutional in that the said statute embodies a presumption that, being irrebuttable or conclusive, and unreasonable, impermissibly deprived said defendant-appellant Daniel L. Wilcox of his constitutionally guaranteed rights to be presumed innocent and to be proven guilty beyond a reasonable doubt and, therefore, violates the guarantees of due course of law in Article I, Section 16 of the Ohio Constitution and of due process of law in the Fourteenth Amendment to the United States Constitution."

### I

Although subsection (A)(3) specifies the precise breath alcohol content permitted while operating a motor vehicle, appellant argues that R.C. 4511.19(A)(3) is unconstitutionally vague.

First, appellant reasons that the average citizen is incapable of ascertaining what conduct is prohibited because the statute does not provide the means to determine when his breath alcohol content has reached ten-hundredths of one gram by weight of alcohol per two hundred ten liters of his breath. This is irrelevant to the constitutional argument that the statute is void for vagueness. The statute may be found in violation of "due process" only if the language is so vague that the average person has no notice of what conduct is prohibited.

In a recent decision, *State* v. *Jackson* (Oct. 17, 1983), Stark App. Nos. CA-6253 and -6259, unreported, we held that the language of R.C. 4511.19(A)(3) is "drawn clearly and precisely"; the fact that an individual is not equipped with a breathalyzer machine does not make the statute vague. We noted in that opinion that it is at least as difficult for an individual to determine the speed at which he is driving for purposes of complying with the state speed limit or to determine whether he has "unsafe brakes."

Second, appellant reasons that, depending upon when the breath sample was taken and because the breathalyzer machine is subject to many variables and margins of error, the statute is not clear in defining the prohibited activity. Whether the breathalyzer machine measured accurately and whether appellant's breath measured at ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath at the time he was driving are fact questions and have no bearing on the clarity of the standard set forth in the statute. Compare *State* v. *Murphy* (1983), 7 Ohio Misc. 2d 1.

In accordance with our decision in *State* v. *Jackson, supra,* this assignment of error is overruled.

### II

Does R.C. 4511.19 create an unconstitutional presumption of driving under the influence; or, is driving with ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath a crime regardless of impaired capacity to operate a motor vehicle?

We hold that R.C. 4511.19(A)(1), (2), (3) and (4) create separate offenses.

R.C. 4511.19(A)(1) creates the offense of operating a motor vehicle while under the influence. R.C. 4511.19(A)(3), recently enacted under the state's police power, prohibits driving with an alcohol concentration at or in excess of ten-hundredths of one gram by weight of alcohol per two hundred ten liters of breath. Specifically, R.C. 4511.19(A) (effective March 16, 1983) provides, in part, as follows:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state if *any* of the following apply:

"(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;

"* * *

"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;" (Emphasis added.)

The language of the statute clearly demonstrates the legislature's intent to create two separate offenses. This conclusion is apparent from the face of the statute. It describes these offenses in the *disjunctive.* This conclusion is buttressed by other state legislation and judicial interpretation which have, in addition to the prohibition of driving under the influence, created separate offenses of driving with an elevated blood, breath or urine alcohol concentration.

According to the August 1, 1983, "Policy UpDate" by the National Safety Council (State Drunk Driving Laws), thirty-eight states have passed so-called per se drunk driving laws, including California, Washington, New York, and Ohio's border states, Indiana and Pennsylvania.

Washington's drunk driving law is similar to R.C. 4511.19. When that statute was attacked as embodying an unconstitutional presumption, the Washington Supreme Court stated:

"* * * We see no reason to construe the present statute in a manner inconsistent with our views on prior statutes or with the clear, concise, unambiguous language of the statute itself. We, therefore, conclude that under the statute there are three alternate ways of committing the crime entitled DWI." *State* v. *Franco* (1982), 96 Wash. 2d 816, 821, 639 P. 2d 1320.

"* * * The statute does not presume, it defines. * * *" *Id.* at 823.

Based on a similar statute, the California Court of Appeals in *Burg* v. *Municipal Ct. for Santa Clara Judicial District* (1983), 144 Cal. App. 3d 169, 192 Cal. Rptr. 531, held that there was no unconstitutional conclusive presumption because the question was not whether the individual was intoxicated, but rather, whether the individual's blood alcohol content had reached the statutory limit.

We hold, therefore, that R.C. 4511.19(A)(1) prohibits driving while under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse and that R.C. 4511.19(A)(3) creates a separate offense of driving with a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath.

For the foregoing reasons, the assignments of error are overruled and the judgment of the Delaware Municipal Court is affirmed.

*Judgment affirmed.*

WISE and TURPIN, JJ., concur.