THE STATE OF OHIO, APPELLANT, *v.* FISCHER, APPELLEE.

---

(No. 14-83-7 — Decided August 6, 1984.)

*R. Larry Schneider,* prosecuting attorney, and *Kevin Pelanda,* for appellant.

*John W. Dailey, Jr.,* for appellee.

COLE, J. This is an appeal by the state of Ohio, from a judgment rendered by the Municipal Court of Marysville on June 8, 1983, in case No. 83TRC721. A companion case No. 83TRC722 is appealed in number 14-83-8.

The cases originated on March 25, 1983, when defendant, Gerald B. Fischer, was stopped and charged with "operat[ing] a motor vehicle while under the influence of alcohol" in violation of R.C. 4511.19(A)(1) (hereinafter "the under-the-influence charge"), which charge gave rise to case number 83TRC721, and with "operat[ing] a motor vehicle with .10 grams ·or more alcohol per .210 [*sic*] liters of breath," in violation of R.C. 4511.19(A)(3) (hereinafter "the concentration charge"), which charge gave rise to case number 83TRC722. Each charge was set out on a separate uniform traffic citation "ticket" and each alleged that said charge was a second offense.

On April 1, 1983, defendant made a motion to suppress the results of the intoxilyzer test in case number 83TRC722, for the reason, *inter alia,* that there was no affidavit as to the authenticity of the solution used to calibrate said intoxilyzer machine, etc.

A hearing was held on the motion to suppress on April 25, 1983, and, at the end of said hearing, defendant moved the court, additionally, "to require the state to elect which charge they're going to proceed on." When the court sustained this motion, the prosecutor responded:

"I didn't know the motion was going to be made, your Honor. If I can let the court and Mr. Dailey know later on today. I haven't reviewed the case as far as which end we're going to proceed on. I was aware the Court was going to require an election. I didn't know it was going to be required today. In fact, if the Court would like, when I file the entry on the motion, I can make an election at that time."

Defendant had no objection to this response and the court stated, "All right. All right," and set the trial date for June 8, 1983.

The state elected to proceed first on the concentration charge or in case number 83TRC722, and the case went to trial on that charge on June 8, 1983.

After a jury was chosen and duly sworn to try case number 83TRC722 and after opening statements, defendant moved for the dismissal of the concentration charge for the reason that the complaint or "ticket" did not allege an offense under the laws of the state of Ohio, in that R.C. 4511.19(A)(3) required 210 liters of breath and not .210 liters as alleged. The state argued against dismissal of case number 83TRC722 and then the following dialogue took place:

"MR. PELANDA: And for the record, your Honor, the second charge in this case [the under the influence charge] has not been dismissed. Your Honor, we've elected to proceed on one. That was not a dismissal of the remaining charge, and if —

"THE COURT: Well now —

"MR. PELANDA: Would like to refer to State versus Osborne. It was a murder case. The defendant was charged with aggravated murder in a kidnapping case, was charged with aggravated murder, number one, for murdering the victim. He is also charged with that felony murder, aggravated murder for killing someone in a commission of a felony, being kidnapping. In that case the Supreme Court specifically said both cases could be taken to the jury, both cases, even though they involved the murder of one individual by

the defendant. Although he could not be convicted on both charges, both cases could still go to the jury.

"THE COURT: I understand what you're saying, and I'm not going — if we're talking about that, my understanding was that I had ordered an election made.

"MR.PELANDA: That's correct.

"THE COURT: As to which one we were going to proceed upon.

"MR. PELANDA: And we have elected.

"THE COURT: I am not going to come back in and allow to have another bite at the apple. He's going to go on this.

"MR. PELANDA: We have elected, under the State's objection, which is noted on the record, to proceed on the concentration charge.

"THE COURT: Right.

"MR. PELANDA: The other charge remains in standing, your Honor. It has not been dismissed.

"THE COURT: Well, so that we do it right now, I'll order it dismissed right at this point.

"MR. PELANDA: And for the court record, if the Court would state its reasons for dismissing the case.

"THE COURT: Because I ordered you to make your election as to which of those two you were going to proceed upon to prosecute.

"MR. PELANDA: Right, your Honor.

"THE COURT: And in this particular case you elected to prosecute under the concentration.

"MR. PELANDA: That's correct, your Honor.

"THE COURT: As opposed to under the influence. So the case of being under the influence, 4511.19(A)(1) is dismissed, if it hasn't been. If it hasn't been, it's simply overlooked by the Court, because there should have been something on on [sic] an order on that. From here on there will be right there."

This court first notes that, contrary to the prosecutor's contention that the ordered election was made under the state's objection, there is no evidence indicated in the official record or transcript that such an objection was made at the final hearing to the required election.

Moreover, in case number 83TRC 721, to which the state's sole assignment relates directly, there was a "Nunc Pro Tunc Judgment Entry" made by the court, file-stamped on June 24, 1983, which contains a description of what actually transpired when the court entered judgment, which description was not present in the June 8, 1983, journal entry, to wit:

"Upon order of the Court to elect, and upon election by the State, with exceptions noted, to proceed with Case No. 83TRC722 wherein Defendant is charged with a violation of 4511.19 (A)(3), Operating a Vehicle with a Prohibited Breath Alcohol Content, the Court hereby orders that Case No. 83TRC721 be and hereby is dismissed.

"This entry being in correction of that filed June 8, 1983."

Case number 83TRC722 was also dismissed, for the reason that the state had failed to state a charge, and the defendant was discharged in that case.

The state filed notices of appeal in both of the dismissed cases. However, as pointed out above, briefs were submitted in the appeal from case number 83TRC721 only and the only assignment of error is addressed to the court's dismissal of 83TRC721.

The sole assignment of error in appellate case No. 14-83-7 is as follows:

"Where, out of the same incident, the Defendant is charged with operating a vehicle under the influence of alcohol in violation of Ohio Revised Code Section 4511.19(A)(1), and is also separately charged with operating a vehicle with ten one-hundredths [sic] of one gram or more by weight of alcohol in 210 liters of

his breath in violation of Ohio Revised Code Section 4511.19(A)(3), the trial court erred in summarily dismissing the former charge on the sole grounds that the trial was under way on the latter charge, which charge the State had chosen to take to trial first."

Turning first to the question as to whether the state waived the right to assert its position by agreeing to the motion to proceed and in not objecting thereto, we find that the language of the motion and of the court in sustaining that motion is not without ambiguity. As phrased, the motion to elect was qualified by the words "to proceed." A simple motion to elect would necessarily concern an election between charges. The issue and the choice would have been clear. However, as made, the motion was not to elect between the charges, but to elect as to priority of trial. The issue could be reasonably considered to have been simply, which case shall be first presented?

This being the case, we conclude that the trial court did not force the prosecutor to elect between charges on April 25, 1983, but merely directed him to choose which case would be first tried. It was only at the subsequent hearing that the court clearly dismissed the second charge, and its action was clearly over the objection of the prosecutor.

We conclude there was no waiver by the prosecutor and that timely objection was made.

Turning from this procedural issue, we now come to the problem presented by the dismissal of the second case. It has long been determined that R.C. 2941.25 pertaining to allied offenses of similar import is concerned by its terms solely with convictions. It does not prevent trial of two or more such offenses where the indictment or charge contains counts for all such offenses, but it does prevent *conviction* of more than one such offense.

This statute reads:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The language clearly is inapplicable to the present case. There are here separate charges, not a single charge with several counts contained therein. Further, the first case here resulted in dismissal, not conviction. Thus, the first case under the terms of the statute, even if otherwise applicable, would not involve a conviction, and a conviction of the second charge would not be here barred.

We conclude that R.C. 2941.25 is only applicable to cases where the charges brought are being tried jointly in a single trial and is concerned solely with multiple convictions, not trials. It is not here pertinent.

Therefore, we have a situation in which, prior to trial, a criminal charge is dismissed because of the existence of, and dismissal of, a related charge in another case. This would appear to be, therefore, a question as to the application of legal and constitutional principles of the defense of double jeopardy. If such a defense exists, then the trial court acted properly. If such a defense does not exist (on these facts) as to the second case, then no basis exists in law for the action of the trial court in the dismissal of the second case. There was no *nolle prosequi* by the prosecutor, and

the trial court cannot enter a *nolle prosequi* without concurrence of the prosecutor. *State* v. *McKinsey* (Nov. 14, 1977), Allen App. No. 1-77-37, unreported.

There being but one ground to sustain the action of the trial court, we must examine the defense of double jeopardy as here applicable to the facts disclosed by the record.

It has been determined that charges brought under separate paragraphs of R.C. 4511.19(A) are separate offenses. In *State* v. *Wilcox* (1983), 10 Ohio App. 3d 11, at 12-13, it is stated:

"We hold that R.C. 4511.19(A)(1), (2), (3) and (4) create separate offenses.

"R.C. 4511.19(A)(1) creates the offense of operating a motor vehicle while under the influence. R.C. 4511.19(A)(3), recently enacted under the state's police power, prohibits driving with an alcohol concentration at or in excess of ten-hundredths of one gram by weight of alcohol per two hundred ten liters of breath. Specifically, R.C. 4511.19(A)(effective March 16, 1983) provides, in part, as follows:

" '(A)  No person shall operate any vehicle, streetcar, or trackless trolley within this state if *any* of the following apply:

" '(1)  The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;

" '* * *

" '(3)  The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;' (Emphasis added.)

"The language of the statute clearly demonstrates the legislature's intent to create two separate offenses. This conclusion is apparent from the face of the statute. It describes these offenses in the *disjunctive*. This conclusion is buttressed by other state legislation and judicial interpretation which have, in ad-

dition to the prohibition of driving under the influence, created separate offenses of driving with an elevated blood, breath or urine alcohol concentration.

"* * *

"We hold, therefore, that R.C. 4511.19(A)(1) prohibits driving while under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse and that R.C. 4511.19(A)(3) creates a separate offense of driving with a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath."

Here, in the case *sub judice*, the two charges stated separate and distinct offenses under the statute. The question narrows as to whether these offenses are sufficiently identical to invoke the defense of double jeopardy.

We note in passing that the first case had progressed through the jury selection, the administration of the oath to the jury so selected, and the opening statements of counsel. At this point, the defendant moved to dismiss for failure to state an offense. Under the law of Ohio, jeopardy attached at this point. The trial court granted this motion. Although appeal was taken, no briefs were filed in that appeal, and error, as to this action, is not asserted.

Since jeopardy had attached, the final issue becomes whether or not the charge in the first case was, under the law of double jeopardy, so identical or similar to the charge in the other case that the defense of double jeopardy would, as a matter of law, require dismissal of the second charge.

The first charge was based upon R.C. 4511.19(A)(3) and asserted that the defendant "did operate a motor vehicle with .10 grams or more alcohol per .210 liters of breath * * *" (the basis for dismissal was the erroneous decimal point).

The second charge, the one whose dismissal is here appealed, was based

upon R.C. 4511.19(A)(1), *i.e.,* operating a motor vehicle while under the influence of alcohol.

Are the two offenses so identical as to invoke a valid claim of double jeopardy?

The Supreme Court has been concerned with this issue on several occasions. *State* v. *Best* (1975), 42 Ohio St. 2d 530 [71 O.O.2d 517]; *State* v. *Harris* (1979), 58 Ohio St. 2d 257 [12 O.O.3d 265]; *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447]; and *State* v. *Johnson* (1983), 6 Ohio St. 3d 420. The underlying rule is stated in the third paragraph of the syllabus of the *Best* case, *supra,* which reads:

"The applicable rule under the Fifth Amendment is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. (*Blockburger* v. *United States,* 284 U.S. 299, and *Duvall* v. *State,* 111 Ohio St. 657, followed.)"

The second portion of this statement of the law is here applicable. There is involved basically one act: driving. However, each separate crime proscribed by R.C. 4511.19(A) requires proof of an additional different fact. Under R.C. 4511.19(A)(1) the added element is that the person be under the influence of alcohol (or drug abuse). Under R.C. 4511.19(A)(3) the additional element is quite different. It involves no proof of influence of the drug or alcohol on physical or mental ability. It requires simply proof of a blood alcohol concentration of a certain defined amount. In this case, it is immaterial whether the person was, in fact, under the influence of the alcohol. In the former case, influence is vital, but the actual concentration of blood alcohol is not: it may be either smaller or larger than the amount defined in R.C. 4511.19 (A)(3).

Therefore, under the *Best* test, the dismissal of the first charge, even though the jury had been sworn, does not exempt the defendant from prosecution and punishment under the second charge.

We are not called upon to decide the applicability of R.C. 2941.25 in a situation where such charges are jointly tried. Whether that section would then require an election as to conviction of one or of both is not before us.

It thus appears that the dismissal of the under-the-influence charge in this case by the trial court was not warranted and constituted error prejudicial to the state.

*Judgment reversed.*

MILLER, P.J., and GUERNSEY, J., concur.