In re William Albert COUPE, Jr., aka Bill Coupe, Debtor.

Joseph M. FAZIO and Donna Aniol, Plaintiffs,

v.

William Albert COUPE, Jr., Debtor/Defendant and Third Party Plaintiff,

v.

ROYAL INSURANCE CO., Third Party Defendant.

Bankruptcy No. 584–1417.
Adv. No. 585–0020.

United States Bankruptcy Court, N.D. Ohio.

Aug. 14, 1985.

Terrence J. Steel, Akron, Ohio, for plaintiffs.

Ted Chuparkoff, Akron, Ohio, for defendant.

Joseph Gibson, Akron, Ohio, for attorney plaintiffs.

HAROLD F. WHITE, Bankruptcy Judge.

It is alleged in the complaint that the said debt is nondischargeable as the liability was incurred as a result of the debtor's operation of a motor vehicle in Summit County while legally intoxicated. Under the laws of the State of Ohio, therefore, said debt would be nondischargeable under 11 U.S.C. § 523(a)(9), which became effective as of October 8, 1984.

The debtor filed an answer and cross complaint and joined Royal Insurance Co. as a third party defendant. In his cross-complaint the debtor alleged that all of the plaintiffs' rights were subrogated to Royal Insurance Co. and there was no foundation for said adversary proceeding. The debtor contends the action was brought against the defendant solely for the purposes of causing embarrassment, humiliation, and public scorn. The defendant requested attorney fees, $25,000.00 compensatory damages, and $50,000.00 punitive damages against Royal Insurance Company.

The matter was duly heard by the court; there was only one witness, William Albert Coupe, Jr. Based upon the testimony and exhibits presented at the trial, the court hereby makes the following Findings of Facts and Law.

### FINDINGS OF FACTS

1. The debtor is a fireman employed by the City of Akron for a period of 9 years and was employed as a fireman on or about February 21, 1981.

2. It was admitted by the defendant that as a result of an auto accident which occurred on February 21, 1981, a judgment

was rendered against the defendant by the Court of Common Pleas of Summit County on October 11, 1984 based upon a verdict by a jury in said court in the amount of $75,000.00 on behalf of Joseph M. Fazio and $6,500.00 on behalf of Donna Aniol.

3. On or before June 24, 1983 Joseph M. Fazio was paid the sum of $30,000.00 by Royal Insurance Company and he then assigned his rights in said cause of action for said sum, plus expenses and attorney fees incurred by Royal Insurance Company. Any sum recovered in excess of said amount was to be paid to Joseph M. Fazio. On or about June 14, 1983 Donna Aniol signed a similar document for the sum of $5,000.00.

4. Based upon the judgment rendered in the Common Pleas Court of Summit County, Joseph M. Fazio has a claim of approximately $45,000.00 against said debtor and Donna Aniol has a claim in the amount of $1,500.00.

5. From Friday, February 20, 1981, at 6:00 P.M. to approximately 2:00 A.M. the debtor consumed at least five beers at different places—at home, Young's Lounge, and The Ideal Cafe.

6. At the time of the accident the Akron Police Department made an investigation; however, the debtor was not cited, nor was there an attempt made by the police to determine whether the debtor was operating the motor vehicle under the influence of alcohol. The debtor admitted operating the motor vehicle at a high rate of speed.

7. On November 26, 1984 the debtor filed a voluntary petition in bankruptcy in which he listed unsecured debts totaling $93,750.00 which are all a result of the accident. There were no other creditors listed, except Akron Savings & Loan Co. on a first mortgage on real property now owned by the debtor's former wife, Judy Coupe.

8. The debtor has a gross income of at least $25,000 per year.

9. On July 15, 1985 a motion was filed by the debtor to prohibit the plaintiffs from calling any witnesses or presenting exhibits at the trial for the reasons that the plaintiffs neglected to provide counsel for the defendant with the names and addresses of witnesses and copies of documents to be presented at the time of the trial. This motion was sustained by this court on July 16, 1985. Accordingly, there was no other evidence presented to the court as to whether the debtor was operating under the influence of alcohol.

### ISSUES

1. Whether the plaintiffs presented sufficient evidence to support a finding that the debtor was operating a motor vehicle while legally intoxicated.

2. Whether the plaintiffs and the defendant, Royal Insurance Company, acted in good faith in bringing this adversary proceeding and in the prosecution of this complaint, and whether the defendant is entitled to damages and attorney fees.

### DISCUSSION OF LAW

A trial was held on the complaint on August 5, 1985. At the conclusion of the trial debtor/defendant moved the court to dismiss plaintiffs' complaint for failure to show evidence to support a finding that debtor was operating the motor vehicle while legally intoxicated. The only testimony which plaintiffs presented at trial was the testimony of William Albert Coupe Jr., the debtor/defendant. The debtor/defendant testified that he had consumed approximately five beers over an eight-hour period preceding the accident; he was not cited by the authorities investigating the accident, nor did the Akron policeman at the scene, or afterwards, administer any chemical test to determine the concentration of alcohol in any of the defendant's body fluids or breath. The court from the bench granted debtor/defendant's motion to dismiss since the plaintiffs presented inconclusive evidence of legal intoxication.

■ The complaint was predicated upon the new section 523(a)(9) of Title 11 of the United States Code added by the Bankruptcy Amendments and Federal Judgeship Act

of 1984 which adds as an exception to discharge of an individual debtor any debt:

[T]o any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

Pub.L. No. 98–353, sect. 371(2) (effective for cases filed after October 7, 1984, *Id.* at sect. 553(a)). In addition to proving that defendant was operating the vehicle, the plaintiffs must prove that the defendant was operating the motor vehicle "while legally intoxicated under the laws or regulations" of the state where the vehicle was operated. Effective as of March 16, 1983, Ohio's drunk driving statute was revised to provide that:

No person shall operate any vehicle, streetcar, or trackless trolley within this state if any of the following apply:

(1) The person is under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse;

(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;

(4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine.

Ohio Rev.Code Ann. sect. 4511.19(A) (Page 1984 Supp.). The statute presents four separate predicates of criminal liability for driving while under the influence of alcohol or other drugs. The first offense is to operate a motor vehicle while under the influence of alcohol, and the last three offenses are a type of *per se* criminal liability based upon the results of chemical tests of the defendant's body substances. *State v.*

*Keister,* 8 Ohio Misc.2d 1, 455 N.E.2d 1370 (1983). In passing upon constitutional challenges to the statute for vagueness and impermissible conclusive presumptions, the court in *State v. Wilcox,* 10 Ohio App.3d 11, 13, 460 N.E.2d 323, 325 (1983) held that:

The language of the statute clearly demonstrates the legislature's intent to create two separate offenses. This conclusion is apparent from the face of the statute. It describes these offenses in the *disjunctive.* This conclusion is buttressed by other state legislation and judicial interpretation which have, in addition to the prohibition of driving under the influence, created separate offenses of driving with an elevated blood, breath or urine alcohol concentration.

.     .     .     .     .

We hold, therefore, that R.C. 4511.-19(A)(1) prohibits driving while under the influence of alcohol or any drug of abuse, or the combined influence of alcohol and any drug of abuse and that R.C. 4511.19(A)(3) creates a separate offense of driving with a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of breath.

In the case *sub judice* the plaintiffs presented no evidence of any chemical test for the presence of alcohol in defendant's body substances taken at or following the accident. The only evidence presented on the issue of whether the defendant was driving while under the influence of alcohol or other drugs was the testimony of William A. Coupe, Jr. that he consumed approximately five beers at various locations for an eight-hour period preceding the accident. Finding of Fact 5. Such evidence is inconclusive and insufficient to support a finding that the debtor was operating a motor vehicle while legally intoxicated. 11 U.S.C. sect. 523(a)(9).

The second issue which this court must address is whether the plaintiffs and third party defendant, Royal Insurance Co., acted in good faith in bringing this adversary proceeding and in the prosecution of this complaint. In his answer and cross-complaint the defendant, William A. Coupe, Jr.,

asks for compensatory and punitive damages, and attorney fees. He alleges that the plaintiffs in the adversary proceeding subrogated their rights to the third party defendant, Royal Insurance Co., and that Royal Insurance Co. filed the complaint merely to intimidate and harass Coupe into an out-of-court compromise of the judgment. He also alleges that the suit subjected Coupe to public scorn. Consequently, the court is called upon to determine whether Fazio and Aniol, the plaintiffs, and the subrogee, Royal Insurance Co., acted in good faith in bringing this adversary proceeding, and if not, whether William A. Coupe, Jr. is entitled to damages and attorney fees.

■ The issue of who will bear the cost of attorney fees in litigation in federal courts is governed by the American Rule. *F.D. Rich Lumber Co. v. Industrial Lumber Co.*, 417 U.S. 116, 126, 94 S.Ct. 2157, 2163, 40 L.Ed.2d 703 (1974). The American Rule establishes as a general principle that each party should bear the costs of its own legal representation. *Id.* at 129, 94 S.Ct. at 2165. However, the federal judiciary has carved out several exceptions to the rule. One such exception is when the "opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (footnotes omitted). A bankruptcy court's award of attorney fees must be predicated upon a determination of bad faith or gross misconduct by the losing party. *See In re Hammett*, 28 B.R. 1012, 1016 (Bankr.E.D. Pa.1983) and cases cited therein at 1015–16. *See also, In re Randolph*, 28 B.R. 811, 813 (Bankr.E.D.Va.1983) and *In re Gibson*, 16 B.R. 682, 684 (Bankr.S.D.Ohio 1981).

■ If a claim is "colorable," i.e. if it has " 'some legal and factual support, considered in light of the reasonable belief of the individual making the claim,' " it is not made in bad faith. *In re Melting Moments, Inc.*, 21 B.R. 173, 175 (Bankr.S.D.N. Y.1982) (quoting *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980)). The standard is " 'whether a reasonable attorney could have concluded that facts supporting the claim *might be established,* not whether such fact actually had *been established.'* " *Id.*

■ In his cross-complaint the debtor alleged that the third party defendant, Royal Insurance Co., as subrogee, had filed this adversary complaint against him "only for the purpose of intimidating [debtor] to coerce [debtor] to compromise" the judgment granted plaintiffs, Fazio and Aniol, in the personal injury action maintained in the Summit County Court of Common Pleas. Royal Insurance Co. paid Joseph M. Fazio the sum of $30,000.00, and paid Donna Aniol the sum of $5,000.00. Fazio and Aniol then assigned their rights in that personal injury action, plus expenses and attorney fees, to Royal Insurance Co. This left Fazio with a remaining claim against debtor on the judgment in the sum of approximately $45,000.00 and Aniol with a remaining claim of $1,500.00. Finding of Fact 4. Royal Insurance Co. is a party in interest as subrogee to the rights of Fazio and Aniol who were nominal plaintiffs, and was properly joined as a third party defendant. *See* Bankr.R. 7017 and Fed.R. Civ.P. 17. Plaintiffs and third party defendant are properly before this court, as all have an interest in the outcome of this litigation. The attorney for the plaintiffs and third party defendant have reason to believe that the plaintiffs had at least a colorable claim. Testimony was elicited from William A. Coupe, Jr. showing that he did consume at least five beers during the evening preceding the accident. He also admitted operating the motor vehicle at a high rate of speed. Finding of Fact 6. Although the attorney for the plaintiffs failed to present sufficient evidence to support a finding that the debtor was operating a motor vehicle while legally intoxicated, he did present evidence of at least a colorable claim under 11 U.S.C. sect. 523(a)(9). In addition, the attorney for the plaintiffs was somewhat limited as to evidence by a prior order of this court prohibiting plaintiffs from calling any expert or other witnesses at trial, and from introducing at trial any documentary evidence other than the judgment of the Summit County Court of Common Pleas, due to his failure to comply with the pretrial order setting discovery deadlines. Order of July 16, 1985. The court will not speculate as to

what evidence the plaintiffs may have presented had they not been penalized by their own lack of care. The court finds that a reasonable attorney could have concluded that facts supporting the claim *might have been established* at the time this complaint was filed. The court finds that the attorney for the plaintiffs and third party defendant did not act in bad faith, vexatiously, wantonly or for oppressive reasons in bringing this adversary proceeding, nor in the prosecution of this complaint. Accordingly, the defendant's request for attorney fees, compensatory and punitive damages against Royal Insurance Co. must be denied.

A separate order shall issue hereon.