**The STATE of Ohio, Appellant,**

v.

**JACOT, Appellee.**

[Cite as *State v. Jacot* (1993), 97 Ohio App.3d 415.]

Court of Appeals of Ohio,
Wayne County.

No. 2747.

Decided April 7, 1993.

*Christopher L. Greene,* Wayne County Assistant Prosecuting Attorney, for appellant.

*Mike Buytendyk,* for appellee.

Cook, Presiding Judge.

The state of Ohio ("state") appeals the trial court's dismissal of the charge against Barbara K. Jacot ("Jacot") based on the failure of the state to bring her to trial within the speedy trial limits. We affirm.

Jacot was arrested on March 15, 1992 for operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1), a first degree misdemeanor. While in custody, Jacot provided a urine sample for testing. Jacot pleaded not guilty to the R.C. 4511.19(A)(1) charge and trial was scheduled for April 22, 1992. The trial was continued until May 27, 1992, on the state's motion because the urine sample had not been tested. On May 26, 1992, the urine was tested and the

state filed a charge under R.C. 4511.19(A)(4).[1]  On May 27, 1992, the date of trial, Jacot pleaded not guilty to the R.C. 4511.19(A)(4) charge and filed a motion to suppress as to that charge.  The trial court continued the trial.

A suppression hearing was scheduled for June 15, 1992, but was continued until June 22, 1992 and again postponed until July 14, 1992, because a necessary witness for the state was unavailable.  Each time the suppression hearing was rescheduled, the trial date for both charges was also rescheduled.  On July 21, 1992 the trial court granted Jacot's motion to suppress the urinalysis test results.[2]

The R.C. 4511.19(A)(1) charge was then scheduled for trial on July 22, 1992, one-hundred twenty-nine days after Jacot's arrest on the R.C. 4511.19(A)(1) charge.  On July 21, 1992, Jacot moved to dismiss the R.C. 4511.19(A)(1) charge for lack of speedy trial, R.C. 2945.71(B)(2), which the trial court granted.

The state, in its sole assignment of error, contends that the trial court erred in dismissing the R.C. 4511.19(A)(1) charge because the motion to suppress as to the R.C. 4511.19(A)(4) charge necessitated the continuance of the trial of the R.C. 4511.19(A)(1) charge in that the risk of double jeopardy precluded the state from going forward with the R.C. 4511.19(A)(1) charge without the R.C. 4511.19(A)(4) charge.

We are unpersuaded by the state's argument that the two charges were inseparable for trial purposes based on double jeopardy concerns.  That is, that the two charges had to be simultaneously tried, since otherwise the defendant could claim double jeopardy in a later trial of the R.C. 4511.19(A)(4) charge.

The test for whether an acquittal or conviction under one statute exempts the defendant from prosecution under another statute is whether each statute requires proof of an additional fact that the other does not.  *State v. Best* (1975), 42 Ohio St.2d 530, 71 O.O.2d 517, 330 N.E.2d 421, paragraph three of the syllabus, citing *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306.  If each statute has a distinct element, then double jeopardy does not attach if the offenses are tried separately.  *Best, supra*, 42 Ohio St.2d at 536, 71 O.O.2d at 520, 330 N.E.2d at 425.  R.C. 4511.19(A)(1) and (A)(4) are separate and distinct offenses because each requires proof of an additional fact that the other does not.  *State v. Fischer* (1984), 20 Ohio App.3d 50, 54, 20 OBR 53, 57, 484 N.E.2d 221, 225–226; see, also, *State v. Adams* (1989), 43 Ohio St.3d 67, 69, 538 N.E.2d 1025, 1027–1028; *State v. Wilcox* (1983), 10 Ohio App.3d 11, 12, 10 OBR

---

1.  R.C. 4511.19(A)(4) makes it an offense to operate a motor vehicle when "[t]he person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine."

2.  The R.C. 4511.19(A)(4) charge was dismissed by the state on August 30, 1992.

17, 17–18, 460 N.E.2d 323, 324–325. Under the *Best* test, the prosecution of the R.C. 4511.19(A)(1) charge would not have prevented later prosecution of the R.C. 4511.19(A)(4) charge. Thus, we find the only argument offered by the state in defense of the trial continuances to be without merit.

▪ Since the motion to suppress the R.C. 4511.19(A)(4) charge cannot be said to affect the time limits on the R.C. 4511.19(A)(1) charge on a double jeopardy basis, we next examine the application of the limits of R.C. 2945.71(B)(2) to the (A)(1) charge. Generally, a person arrested on a first degree misdemeanor charge must be brought to trial within ninety days following arrest. R.C. 2945.71(B)(2). The courts are to strictly enforce the speedy trial provisions of R.C. 2945.71. *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, syllabus.

▪ In this case, Jacot's trial was scheduled for one hundred twenty-nine days after her arrest; therefore, unless the time was tolled, Jacot was not brought to trial within the speedy trial time limit. There is no evidence in the record before this court that the state and Jacot or her defense counsel agreed to try the R.C. 4511.19(A)(1) charge and the R.C. 4511.19(A)(4) charge together. Jacot's motion to suppress the urinalysis test results addressed only the R.C. 4511.19(A)(4) charge, and the trial court's judgment continuing the trial of the R.C. 4511.19(A)(1) charge specified that the suppression motion was directed to the R.C. 4511.19(A)(4) charge filed the day before. Thus, there being no valid arguments advanced by the state that defense delays tolled the speedy trial time limit on the R.C. 4511.19(A)(1) charge, the court did not err in determining Jacot must be discharged for lack of speedy trial in accordance with R.C. 2945.73.

The state never argued that the continuance of the R.C. 4511.19(A)(1) charge on May 27, 1992, was granted by the court, *sua sponte*. Under that scenario the speedy trial time limit would be tolled under R.C. 2945.72(H) as a "continuance granted other than upon the accused's own motion." If this argument had been advanced by the state before the trial court, the result might have been different.

Jacot's motion to suppress as to the R.C. 4511.19(A)(4) charge did not toll the time for speedy trial on the R.C. 4511.19(A)(1) charge. The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, J., concurs.

QUILLIN, J., concurs in judgment only.