Appellant Gregory A. Kramer appeals from his conviction and sentence in the Miamisburg Municipal Court for driving with a prohibited breath-alcohol content in violation of R.C.4511.19(A)(3).
Kramer advances three assignments of error. First, he contends the trial court erred by granting a motion to quash certain subpoenas. Second, Kramer claims the trial court erred by denying a motion to suppress his breathalyzer test results. Finally, he argues that the trial court erred by denying his motion to dismiss based upon double jeopardy.
The present appeal stems from Kramer's June 7, 1996, arrest outside Shooters nightclub. Miami Township police officer Michelle Lovely stopped Kramer's car after observing him on Kingsridge Drive near the Shooters parking lot entrance. Officer Lovely issued Kramer citations for operating a motor vehicle in violation of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(2), driving without an operator's license, reckless operation, and violating the state's "open container" law. Officer Lovely subsequently transported Kramer to the Miami Township police station, where he submitted to a breath-alcohol test. Test results indicated that Kramer's breath-alcohol content was .178 grams of alcohol per 210 liters of breath, well over Ohio's legal limit. As a result, officer Lovely proceeded with an administrative license suspension under R.C.4511.191.
Kramer subsequently filed various motions, including a motion to suppress the results of his breath-alcohol test. The trial court overruled Kramer's motion to suppress and set the matter for trial. Thereafter, he paid $250 to the Bureau of Motor Vehicles as a reinstatement fee following the administrative license suspension. He also filed a motion to dismiss the charges against him based upon double jeopardy. The trial court overruled the motion to dismiss, however, and Kramer entered a no-contest plea on May 27, 1997. At the plea hearing, the trial court stated: "Okay, the Court finds the affidavit state[s] a complaint and makes a finding of guilty." In a corresponding journal entry, the trial court noted: "5/27/97 — plea no contest[,] atty present[,] def guilty — (A)(3) section." Kramer then filed a timely appeal from his conviction and sentence. He advances the following three assignments of error:
 I. "The trial court erred in granting a motion to quash defendant's subpoenas."
 II. "The trial court erred in denying the defendant's motion to suppress."
 III. "The trial court erred in denying the defendant['s motion] to dismiss these charges on the basis of double jeopardy."
After reviewing the record, this court finds itself unable to address the merits of Kramer's arguments. The conviction at issue in Kramer's appeal stems from the traffic citation alleging a violation of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(2). The former statute prohibits a person from driving while under the influence of alcohol. The latter provision prohibits a person from driving with "a concentration of ten-hundredths of one percent or more by weight of alcohol in his blood." Under Ohio law, Kramer's traffic citation is the charging instrument setting forth his offense.City of Norwalk v. Hoffman (1989), 64 Ohio App.3d 34.
In the present case, Kramer was not charged with a violation of R.C. 4511.19(A)(3), which prohibits a person from driving with "a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath." To the contrary, his traffic citation recites R.C. 4511.19(A)(1) and R.C.4511.19(A)(2) as the violated statutory sections. These offenses are distinct from a violation of R.C. 4511.19(A)(3). Each subsection describes a different offense. State v. Fischer (1984),20 Ohio App.3d 50; City of Columbus v. Rodriguez (Nov. 7, 1996), Franklin App. No. 96APC05-601, unreported.
When writing Kramer's traffic citation, officer Lovely provided the following handwritten description of the offense: "Did operate a motor vehicle while under the influence of alcohol or drugs of abuse." Officer Lovely's description closely tracks the language of R.C. 4511.19(A)(1). Additionally, the officer precisely identified R.C. 4511.19(A)(1) and (A)(2) as the statutory sections violated.
Nevertheless, when accepting Kramer's no-contest plea and entering a judgment of conviction, the trial court found that the complaint stated a charge and found Kramer guilty of violating R.C. 4511.19(A)(3). As we have explained, however, the complaint to which Kramer pleaded no-contest did not charge an (A)(3) violation. Consequently, the trial court found Kramer guilty of an offense for which he never had been charged. Although Kramer does not raise this argument in his brief, such action constitutes plain error. In State v. Stover (1982), 8 Ohio App.3d 179, the court explained:
 "A defendant may only be convicted of an offense for which he has been charged. The conviction may be for the actual offense stated in the charge or it may be for any offense contained within the charge and proved by the state. The defendant may not, however, be convicted of an offense which may have some similarities to the offense charged but which is not contained within it. The appellant in the instant case was convicted of an offense for which he had not been charged. This is plain error and under Crim.R. 52(B) may be addressed by this court although not objected to at trial nor raised on appeal."
Id. at 183. See also State v. Neese (Sept. 16, 1996), Warren App. No. CA 96-03-023, unreported ("Since appellant was charged with one crime and convicted of another, we must reverse.").
In the present case, Kramer was charged with violating R.C.4511.19(A)(1) and (A)(2). He was convicted, however, of violating R.C. 4511.19(A)(3), which is not a lesser included offense of the (A)(1) or (A)(2) violations. Consequently, the trial court committed plain error by finding Kramer guilty of the (A)(3) violation. As a result, we must reverse the trial court's judgment convicting Kramer of the (A)(3) offense.[1]
We also must remand this cause for further proceedings. Neither the trial court's plea hearing transcript nor its May 27, 1997, journal entry makes any reference to formal disposition of the R.C. 4511.19(A)(1) and (A)(2) offenses that were alleged in Kramer's traffic citation. Furthermore, nothing in the plea hearing transcript or the trial court's journal entries indicates formal disposition of the reckless operation, open-container, and no-license charges pending against Kramer. The only reference to these charges in the record is journal entry number eighteen, which contains pretrial conference notes. The notes, signed by the prosecutor and defense counsel, state that Kramer will plead no-contest to the charge of "DUI A(1)(3) breath .178." The notes also say that the state will move to dismiss charges of "No OL / Reckless OP / Open Cont." As we explained above, however, no4511.19(A)(3) charge exists, and the state never moved to dismiss the other traffic offenses. Therefore, the charges remain pending before the trial court.
Finally, having found Kramer's 4511.19(A)(3) conviction improper, we decline to address the merits of his arguments. Absent a valid judgment entry of conviction, Kramer's challenge to the trial court's rulings on his motions is premature. Based upon the foregoing analysis, we hereby reverse the trial court's judgment convicting Kramer of violating R.C. 4511.19(A)(3), and we remand this cause for further proceedings.
Judgment reversed and cause remanded.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Ronald L. Fobes
Thomas G. Eagle
Hon. Robert E. Messham, Jr.
[1] In reaching this conclusion, we note that the present case does not involve an ambiguous or defective complaint. When a traffic complaint is ambiguous, defective, or arguably fails to charge an offense, a defendant must seek clarification from the state. SeeCity of Barberton v. O'Connor (1985), 17 Ohio St.3d 218. In the present case, however, the traffic citation unambiguously charged Kramer with violating R.C.4511.19(A)(1) and (A)(2). In addition, officer Lovely's handwritten description of the offense accurately recited the language of R.C. 4511.19(A)(1). Consequently, the present case does not involve a defective or ambiguous complaint. To the contrary, the complaint plainly and accurately stated two offenses. The trial court simply convicted Kramer for an offense other than those with which he was charged.