JOURNAL ENTRY and OPINION
Defendant-appellant Brian J. Saunders appeals from the trial court's denial of his motion to suppress evidence and also appeals from his subsequent convictions for violation of the Middleburg Heights Ordinance ("MHO") that proscribes driving under the influence of alcohol ("DUI") and driving with a prohibited blood alcohol content ("BAC").
Appellant asserts the police officer lacked either a reasonable basis to justify a traffic stop or probable cause to arrest. Appellant further asserts the city failed to establish compliance with regulations applicable to the administration of breath tests. Appellant finally asserts the trial court could not properly convict him for both offenses.
After an examination of the record, this court finds appellant's first two assertions unsupported by it. Although his third assertion has merit, since the trial court imposed concurrent sentences, appellant has suffered no prejudice from his convictions of both offenses. Nevertheless, appellant's conviction for driving with a prohibited blood alcohol level is vacated; the judgment of the trial court is, in all other aspects, affirmed.
Appellant's convictions result from an incident that occurred at approximately 2:40 a.m. on September 27, 1998. Middleburg Heights Police Officer Ray Bulka, on routine patrol in his police cruiser, entered Interstate 71 at the Bagley Road entrance and began proceeding northbound. Almost immediately, he noticed a vehicle that appeared to be "moving at a high rate of speed."[1] Bulka followed the vehicle, a "Ford pick-up truck."
To determine the truck's velocity in comparison with the posted speed limit of 60 miles per hour, Bulka "paced it." Bulka had employed this method in the past. He attempted "to get an equal distance from the vehicle," watched as it passed "a landmark, say a light pole," counted seconds until he also passed that object, and then attempted to "keep [the] distance for about a quarter mile or so," observing his own speedometer as he did so. By this means, he determined the truck's speed to be 75 miles per hour. Bulka also noticed as he followed that the vehicle was "weaving."
Bulka thereupon effected a traffic stop of the vehicle. Upon his arrival at the driver's side window of the truck, he requested the driver, later identified as appellant, to produce his operator's license. Appellant "was a little slow" in doing so. Moreover, Bulka could smell an odor of alcoholic beverage emanating from appellant and observed that his eyes appeared "bloodshot and glassy." When Bulka asked appellant about the odor, appellant stated that he had consumed "a couple beers."
Bulka than requested appellant to step out of the truck. Bulka administered two horizontal gaze and nystagmus tests and received, each time, all six clues indicating appellant was intoxicated. Bulka also requested appellant to perform three field sobriety tests. Appellant failed each. Bulka placed appellant under arrest for violation of MHO 434.01(A)(1), DUI.[2]
After being transported to the police station, appellant agreed to submit to a breath test. Patrolman Brent Lavindar observed appellant for twenty minutes, then administered the test. Lavindar obtained a result from the test of .151 grams of alcohol per liter of breath. Subsequently, appellant also received a citation for violation of MHO 434.01(A)(3), BAC.
Appellant entered a plea of not guilty to the charges. Thereafter, he filed a motion to suppress evidence, contending neither the traffic stop nor the arrest nor the administration of the breath test was lawful.
The trial court held a hearing on appellant's motion. The city presented the testimony of Bulka, Lavindar and senior BAC Data Master Operator Officer Robert Gabriel. The city also introduced into evidence the police videotape of the traffic stop and arrest of appellant, together with documents verifying both the proper operation of the BAC Data Master and the results of appellant's breath test. Appellant elected to present no evidence.
At the conclusion of the hearing, the trial court overruled appellant's motion to suppress evidence. Appellant thereafter changed his plea to the charges against him to no contest and was found guilty of each.
On the two alcohol-related offenses, the trial court sentenced appellant concurrently to thirty days in jail, with all but three days suspended; upon appellant's attendance at a "72 hour drunk driving program," the trial court also would suspend the remainder of the jail sentence. Appellant was placed on one year of active probation. In addition, the trial court imposed a fine of $350 plus court costs.
Appellant obtained a stay of execution of his sentence and filed a timely appeal of his convictions. He presents three assignments of error for review.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION TO SUPPRESS, CONCLUDING THERE WERE REASONABLE GROUNDS FOR THE TRAFFIC STOP AND PROBABLE CAUSE FOR THE DEFENDANT'S WARRANTLESS ARREST.
In this assignment of error, appellant first challenges Bulka's traffic stop, contending Bulka failed to present sufficient facts to warrant it.
The standard for reviewing a police officer's conduct in effecting a traffic stop is an objective one and must be justified by "specific and articulable facts" indicating the detention was reasonable. State v. Chatton (1984), 11 Ohio St.3d 59. The stop must be viewed in light of the totality of the surrounding circumstances. State v. Freeman (1980),64 Ohio St.2d 291.
In this case, Bulka testified it was approximately 2:40 a.m. when he noticed appellant's vehicle. His attention was drawn to it by its rate of speed and its occasional weaving. He further testified that by pacing it, he could estimate its speed at well over the posted limit of 60 miles per hour.
Bulka's testimony is supported by the videotape taken by the camera in his cruiser. Traffic was light at that hour; thus, appellant's vehicle was noticeable. Moreover, it can be observed that as Bulka followed, appellant's vehicle drifted over the solid white line marking the road's berm. Appellant thereupon suddenly steered it sharply back into its proper lane.
From the foregoing, it is clear Bulka presented articulable facts upon which a reasonable suspicion could be based that appellant was violating the law, thereby justifying the initial stop. Cleveland v. Eden (July 23, 1992), Cuyahoga App. No. 60511, unreported; see, also, Middleburg Heights v. Tenaglia (May 16, 1996), Cuyahoga App. No. 69376, unreported.
Appellant further challenges his arrest, contending Bulka failed to present sufficient facts to establish he had probable cause to believe appellant was driving while under the influence of alcohol.
Upon review, a trial court's decision that is supported by substantial credible evidence is given deference since the trial court is in the best position to evaluate the credibility of the witnesses. See State v. Roberts (June 29, 1998), Butler App. No. CA97-10-186, unreported.
Bulka indicated he observed appellant driving his vehicle at an excessive rate of speed and in a more erratic manner than was usual. When he stopped appellant, he could detect an odor of an alcoholic beverage. Appellant admitted he recently had consumed a quantity of beer.
Furthermore, when Bulka administered the horizontal gaze nystagmus and several other field sobriety tests, he received "all" the indicators of intoxication. Columbus v. Lenear (1984), 16 Ohio App.3d 466.
Based upon the foregoing, probable cause was established to arrest appellant for driving under the influence of alcohol. Cleveland v. Eden, supra; State v. Roberts, supra.
Therefore, the trial court did not err in denying appellant's motion to suppress evidence on these grounds. Appellant's first assignment of error, accordingly, is overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE PROSECUTION ESTABLISHED COMPLIANCE WITH APPLICABLE DEPARTMENT OF HEALTH REGULATIONS AS TO APPELLANT'S BREATH TEST.
Appellant contends his motion to suppress the evidence of the results of the breath test should have been granted on the basis the city failed to introduce critical documentation demonstrating compliance with regulations governing such tests. This court disagrees.
The supreme court has stated that with regard to the applicable regulations, substantial compliance is sufficient. State v. Steele(1977), 52 Ohio St.2d 187; State v. Plummer (1986), 22 Ohio St.3d 292. The focus is on ensuring the accuracy of the test results. Newark v. Lucas (1988), 40 Ohio St.3d 100; Aurora v. Kepley (1979), 60 Ohio St.2d 73. This court has adhered to that position. Middleburg Heights v. Tenaglia, supra; Cleveland v. Taylor (May 23, 1996), Cuyahoga App. No. 68962, unreported.
Although appellant asserts the city failed to provide records indicating test results and operations manuals were retained, he failed to raise this issue at the hearing on his motion to suppress; therefore, it is waived. State v. Williams (1977), 51 Ohio St.2d 112.
Moreover, the testimony of the witnesses and the documentation introduced into evidence demonstrated the standard set by the supreme court was met in this case. Cleveland v. Taylor, supra; Middleburg Heights v. Tenaglia, supra.
The trial court, therefore, did not err in concluding the city presented evidence that the accuracy of the results of the breath test was ensured.
Accordingly, appellant's second assignment of error also is overruled.
Appellant's third assignment of error states:
 THE TRIAL COURT COMMITTED PLAIN ERROR AS A MATTER OF LAW WHEN IT SENTENCED DEFENDANT ON COUNTS ONE AND TWO OF THE COMPLAINT IN VIOLATION OF R.C. 2941.25(A).
Appellant argues that since DUI and BAC are allied offenses of similar import, the trial court could not properly convict him of both offenses. Appellant's argument has merit.
The ordinance appellant was convicted of violating mirrors R.C. 4511.19. Subsection (C) of that statute clearly states that although a person may be charged with both DUI and BAC, "he may not be convicted of" more than one of those violations. (Emphasis added.) State v. Ryan (1984),17 Ohio App.3d 150; State v. Smucker (Dec. 18, 1992), Holmes App. No. CA-452, unreported, at footnote 1; cf., State v. George (1994),98 Ohio App.3d 371; State v. Mendieta (1984), 20 Ohio App.3d 18; State v. Fischer (1984), 20 Ohio App.3d 50; Millersburg v. Miller (Dec. 5, 1990), Holmes App. No. CA-427, unreported; State v. Herold (Nov. 20, 1991), Hamilton App. Nos. C-910103, C-910104, C-910105, unreported; London v. Miller (Mar. 29, 1999), Madison App. No. CA98-07-026, unreported.
Since the trial court thus erred in convicting appellant of both offenses, appellant's third assignment of error is sustained.
Appellant's conviction and sentence for violation of MHO 434.01(A)(3) is vacated. In all other respects, the judgment of the trial court is affirmed.
It is ordered that appellee and appellant share equally in the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and ANNE L. KILBANE, J. CONCUR
[1] Quotes indicate testimony given by a witness at the hearing on appellant's motion to suppress evidence.
[2] Bulka also issued citations to appellant for excessive speed, MHO 434.03, and improper lane usage, MHO 432.08. Appellant does not challenge his eventual convictions on these two charges.
 ____________________ JUDGE KENNETH A. ROCCO