### In re Robert E. DONNELLY, Debtor.

### Carmen P. BOSCIA and Joseph P. Boscia & Sons, Inc., Plaintiffs,

v.

### Robert E. DONNELLY, Defendant.

Bankruptcy No. 8800250.
Adv. No. 880028.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 17, 1988.

Avram N. Cohen, Providence, R.I., for debtor.

Michael DeLuca, Providence, R.I., for plaintiffs.

### ORDER GRANTING MOTION TO DISMISS

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

On September 29, 1988, we held a pre-trial conference on the defendant/debtor, Robert E. Donnelly's (hereinafter "Donnelly"), Answer to plaintiffs', Carmen P. and Joseph P. Boscia & Sons, Inc. (hereinafter "Boscia"), Amended Complaint. Donnelly, in his answer asserts that Boscia's amended complaint fails to state a claim upon which relief can be granted, and therefore is treated here as a Motion to Dismiss. FED.R.CIV.P. 12(b).

Boscia's amended complaint is in the nature of a "motion to disallow the discharge of its claim." Only one asserted ground need be addressed.[1] Counsel for Boscia argued that this Court lacks jurisdiction to discharge a non-core matter, namely, a personal injury claim. In support of its argument, plaintiff relies on the *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) decision and its progeny.

Boscia misstates the import of *Marathon, supra*, in relation to 28 U.S.C. § 157.[2] Without belaboring the complexity of *Marathon, supra*, it is of significance that "section 157(a) is one of the provisions by which Congress sought to avoid the consti-

---

1. The amended complaint states that "the defendant has failed to establish sufficient debt to constitute insolvency." There is no such requirement under 11 U.S.C. § 301, and plaintiff's counsel should know this, especially after being allowed additional time to reflect upon and to consider the deficiencies in his and her original complaint. Section 301 provides:

   § 301. Voluntary cases
   A voluntary case under a chapter of this title is commenced by the filing with the

bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter. Pub.L. No. 95–598, 92 Stat. 2558 (Nov. 6, 1978).

2. 28 U.S.C. § 157(a) provides:
   (a) Each district court may provide that any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

tutional infirmities of superceded 28 U.S.C. § 1471 announced in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.," supra,* 1 Collier on Bankruptcy, ¶ 3.01, p. 3–33 (15th ed. 1988). Thus, 28 U.S.C. § 157, which was enacted in 1984, was designed to correct the flaws found under the previous Bankruptcy Act, by giving district courts the discretion to refer or not refer cases and proceedings to bankruptcy judges.

Subsections (b)(1) and (2) of § 157 provide, in pertinent part, that:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

. . . .

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges.

By this language, it is clear that bankruptcy judges may hear, determine, and enter appropriate orders with respect to core proceedings arising under title 11, which includes dischargeability determinations. The determination of dischargeability is considered a matter of administration of which "there has never been any doubt about the constitutional authority of a non-tenured judge to enter final orders in such matters, which are unique to bankruptcy cases." 1 Collier on Bankruptcy, ¶ 3.01, p. 3–39 (15th ed. 1988) (citing *Nat'l Acceptance Co. v. Price (In the Matter of Colorado Energy Supply, Inc.),* 728 F.2d 1283, 10 C.B.C.2d 542 (10th Cir.1984)).

It is Boscia's position, however, that this Court may not hear or decide a discharge on a non-core matter, although he provides no authority to support this proposition.

This was implemented by the U.S. District Court, District of Rhode Island's, July 18, 1984, order, which states:

**ORDER REFERRING BANKRUPTCY PROCEEDINGS**

In accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984, it is

11 U.S.C. § 523 sets forth the exceptions to discharge. Personal injury claims are exempted from discharge only where (1) the debtor acted willfully and maliciously in causing the injury, § 523(a)(6) or (2) the injury was a result of the debtor's drunk driving, § 523(a)(9). *See also In re Pahule,* 849 F.2d 1056, 3 Bankr.L.Rep. (CCH) ¶ 72,370 (7th Cir.1988). Absent either of these conditions, a personal injury claim is dischargeable in bankruptcy. Boscia has not alleged either a willful injury or one resulting from drunk driving. Moreover, even if one of these conditions was alleged we still possess jurisdiction to determine whether they in fact exist. The fact that the personal injury action itself may be a non-core proceeding is not relative to a determination of its dischargeability, which is a core proceeding under the Code.

Accordingly, it is ORDERED that Donnelly's "Motion to Dismiss" be and hereby is GRANTED.

ORDERED, that all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the Bankruptcy Judge of this District.