**In re Kevin FEARN, Debtor.**

**No. 03–50480.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 17, 2003.

Charles H. Bendig, Wilcox, Schlosser & Bendig Co., L.P.A., Columbus, OH, for Shannon Huffer.

W. Mark Jump, Koffel & Jump, Columbus, OH, for Kevin M. Fearn.

David M. Whittaker, Columbus, OH, pro se.

David Andrade, Marilyn Li, Cincinnati, OH, for Bank of America NA.

***ORDER ON MOTION OF SHANNON HUFFER AND GREGORY HUFFER FOR MODIFICATION OF AUTOMATIC STAY TO PERMIT PROSECUTION OF ACTION IN STATE COURT***

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter came before the Court for hearing on February 27, 2003, upon the Motion of Shannon Huffer and Gregory Huffer for Modification of Automatic Stay to Permit Prosecution of Action in State Court ("Motion") and the Debtor's Memorandum Contra Motion of Shannon Huffer and Gregory Huffer for Modification of Automatic Stay to Permit Prosecution of Action in State Court ("Memo Contra").

## I. STATEMENT OF JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## II. FACTS

In 2001, Shannon Huffer filed a Complaint against Kevin Fearn, Debtor, in the Franklin County, Ohio, Court of Common Pleas. That action was assigned Case No. 01–CVC–07–6502 ("State Court Action"). The underlying State Court Action alleged that Debtor struck the back of a vehicle occupied by Shannon Huffer and Gregory Huffer while operating his vehicle at a high rate of speed during the evening of February 2, 2001. It is also alleged that the collision caused functional damages to both vehicles and personal injury. While the Debtor ultimately plead guilty to failure to control and failure to maintain assured clear distance, Shannon Huffer took the deposition of Debtor during the course of the underlying State Court Action. Within that deposition, Debtor stated that he had three (3) martinis and one (1) beer during the evening prior to the collision. Debtor also stated that he had no recollection of any other events during that evening. Both Shannon Huffer and Gregory Huffer maintain that they saw the Debtor in his vehicle as it fled from the scene.

In the underlying State Court Action, Shannon Huffer made a claim for compensatory damages. Shannon Huffer also made a claim for punitive damages. The insurer of Debtor undertook his defense, and Debtor filed his Chapter 7 Bankruptcy Petition on the 10th day of January, 2003. Pursuant to that filing, a Notification of Filing Under Bankruptcy Code and Suggestion of Stay was filed in the State Court. The State Court Action was stayed pursuant to that filing.

Shannon Huffer and Gregory Huffer are now before the Court seeking modification of the automatic stay. Shannon Huffer seeks an order granting relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit her to proceed with her State Court Action against the Debtor. Gregory Huffer seeks an order granting relief from automatic stay so that he might file a separate action in the State Court. The separate action will mirror Shannon Huffer's State Court Action. The Huffers argue that the bankruptcy estate will not incur any expenses for the defense of the compensatory damages' issue before the State Court. Debtor is being defended by his insurer. The Huffers additionally request relief from stay in order to proceed with the punitive damages' allegations in the State Court proceeding.

Debtor opposes the Motion because the Huffers indicate an intention to raise the issue of nondischargeability of the debt pursuant to 11 U.S.C. § 523(a)(9).[1] Debtor submits that the Bankruptcy Court is the appropriate forum for such a determination and that the State Court Action should not be allowed to proceed. In the alternative, Debtor argues that the automatic stay should be modified for the sole purpose of allowing Movants to proceed to obtain and collect a judgment from the assets that do not constitute property of the Debtor's bankruptcy estate, that is, from any applicable insurance policies. Debtor argues that determinations as to the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). Because the Huffers have

1. The Huffers filed a complaint objecting to discharge of Debtor on February 18, 2003. That complaint is pending before the Court and has been assigned Adv. Pro. No. 03–02085.

clearly indicated their intention to pursue a nondischargeability determination in the State Court, Debtor argues that the relief from stay should be denied.

## III. 11 U.S.C. § 362

Section 362(d)(1) of the Bankruptcy Code provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

## IV. DISCUSSION

This case is distinctive from most of the cases involving Section 523(a)(9) of the Bankruptcy Code. In most cases involving Section 523(a)(9), the matter usually comes to the Court after the debtor driver has already entered a plea or some sort of legal determination has been made in an underlying state court case regarding his/her condition. This case is different because no such determination has been made or entered by an underlying state court.

In reviewing the matter as placed before the Court, the issues of compensatory damages, punitive damages, and Section 523(a)(9) of the Bankruptcy Code are all intertwined as they all relate to the allegations of the accident. While this Court has the authority to make determinations of liability under appropriate state law in order to evaluate dischargeability of claims pursuant to Section 523(a)(9) of the Bankruptcy Code, the Court concludes that it would be the most economical use of time and judicial resources to allow the state court matter to proceed subject to the following condition. *In re Coupe,* 51 B.R. 939 (Bankr.N.D.Ohio 1985), *In re Phalen,* 145 B.R. 551 (Bankr.N.D.Ohio 1992), *In re Donnelly,* 92 B.R. 8 (Bankr. D.R.I.1988). Said state court matter shall proceed with special jury instruction(s)/verdict form(s) being submitted to the triers of fact for determination. Said special jury instruction(s)/verdict form(s) shall require responses to the following questions: Was the personal injury(ies) caused by Kevin Fearn's operation of the motor vehicle? If so, at the time the personal injury(ies) were incurred, was Kevin Fearn operating the motor vehicle while intoxicated from using alcohol, as defined under Ohio law?

At the conclusion of the State Court action, the Debtor and the Huffers shall file a joint report in Adversary Proceeding No. 03–2085 stating the judgment entered/settlement entered in that action. After receiving said joint report, this Court will proceed with Adversary Proceeding No. 03–2085 and the issues relating to dischargeability.

## V. CONCLUSION

Based upon the foregoing, the Motion of Shannon Huffer and Gregory Huffer for Modification of Automatic Stay to Permit Prosecution of Action in State Court is hereby granted subject to the special jury instruction(s)/verdict form(s) being submitted as described herein and subject to a joint report being filed in Adversary Proceeding No. 03–2085.

IT IS SO ORDERED.