OPINION
{¶ 1} Appellant, Matthew D. Fuhrman, appeals the judgment of the Willoughby Municipal Court denying his motion to suppress. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} Fuhrman was charged in the Willoughby Municipal Court with one count of operation of a motor vehicle after underage consumption, in violation of R.C. 4511.19(B)(3), one count of driving without complying with reinstatement requirements, *Page 2 
in violation of Kirtland Hills Ordinance 335.073(a), and one count of speeding, in violation of Kirtland Hills Ordinance 333.03.
 {¶ 3} On June 6, 2007, Fuhrman filed a motion to suppress any and all evidence obtained by the Kirtland Hills Police Department pursuant to his seizure on April 21, 2007. The trial court overruled Fuhrman's motion to suppress on July 16, 2007.
 {¶ 4} Fuhrman subsequently entered pleas of no contest to the charges and was sentenced by the trial court. On September 17, 2007, Fuhrman moved the trial court to stay execution of his imposed sentence. The trial court stayed the sentence pending the outcome of the instant appeal.
 {¶ 5} Thereafter, Fuhrman filed a timely notice of appeal and appeals only his conviction of R.C. 4511.19(B)(3), which prohibits a person under the age of 21 years from driving if "the person has a concentration of at least two-hundredths of one gram but less than eight-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath."
 {¶ 6} Fuhrman asserts the following assignment of error:
 {¶ 7} "The trial court erred when it overruled the defendant-appellant's motion to supress [sic] the results of a breath test where it found probable cause was not necessary to administer a breath test where the defendant-appellant was already in lawful custody, in violation of the defendant-appellant's due process rights as guarteed [sic] by the Fourth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution." *Page 3 
 {¶ 8} On a motion to suppress, this court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8, citing State v. Fanning (1982), 1 Ohio St.3d 19. "Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." State v. Retherford (1994),93 Ohio App.3d 586, 592.
 {¶ 9} At the hearing on the motion to suppress, both parties indicated to the trial court that, in accordance with their previous discussions, the sole issue for the hearing was whether probable cause existed to arrest Fuhrman for an alcohol-related driving offense and, as a consequence of the arrest, the administration of the breathalyzer test by the Kirtland Hills Police Department. After presentation of the evidence, the acting judge in the trial court issued a July 16, 2007 judgment entry, which states, in pertinent part:
 {¶ 10} "Later at the Police Station the Officer made some additional observations regarding the Defendant's alcohol use and, in addition, administered a breath test. These facts resulted in the additional citation for OMVUAC [operation of a motor vehicle after underage consumption]. Much discussion was elicited in argument regarding the quantum of evidence necessary to establish probable cause in cases of underage consumption. In addition, much discussion was had regarding the field sobriety tests. In this case, however, the Defendant was already in lawful custody when the decision to cite him for that offense was made, and the suppression of evidence due to his unlawful arrest is not indicated." *Page 4 
 {¶ 11} In the briefs presented to this court, both parties aver that the legal conclusion of the trial court is defective. In its judgment entry, the trial court indicates that probable cause was not required prior to requesting Fuhrman to submit to a breathalyzer test since he was already in lawful custody on other unrelated charges. While we acknowledge the manner in which the trial court arrived at its conclusion is flawed, a review of the entire context of the case as it is presented in the record demonstrates the conclusion of the trial court is valid. As such, the issue of the instant case is whether Sergeant Parker of the Kirtland Hills Police Department had probable cause to arrest Fuhrman of operation of a motor vehicle after underage consumption, and sufficient cause to request him to submit to a breathalyzer test.
 {¶ 12} "The propriety of the administration of the breath-alcohol test is therefore dependent upon the propriety of the arrest. Before an officer can arrest an individual, the officer must have probable cause to believe that the individual has committed a crime." State v.Medcalf (1996), 111 Ohio App.3d 142, 147, citing State v. Timson (1974),38 Ohio St.2d 122, paragraph one of the syllabus.
 {¶ 13} In determining whether probable cause existed at the time an individual was arrested for OMVI is whether, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan (2000), 89 Ohio St.3d 421, 427, citingBeck v. Ohio (1964), 379 U.S. 89, 91 and State v. Timson,38 Ohio St.2d at 127. "An arrest for driving while intoxicated need only be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of *Page 5 
alcohol." State v. DePalma (Jan. 22, 1991), 4th Dist. No. 1633, 1991 Ohio App. LEXIS 477, at *6. (Citation omitted.) When reviewing these types of cases, the trial court must look to the totality of facts and circumstances surrounding the arrest. State v. Medcalf,111 Ohio App.3d at 147.
 {¶ 14} In the instant case, Fuhrman was under 21 years of age when he was arrested for operation of a motor vehicle after underage consumption. The Third Appellate District, in State v. Stidham (Mar. 27, 1998), 3d Dist. No. 8-97-34, 1998 Ohio App. LEXIS 1527, at *5-6, stated the following concerning probable cause when arresting an individual under 21 years of age with a prohibited concentration of alcohol:
 {¶ 15} "[H]owever, because the prohibited amount of blood alcohol in an underage driver is so minimal, an arresting officer must look for more subtle evidence of drinking, and evidence of only very slight impairment of performance. Accordingly, we agree with the trial court's conclusion that an officer must look for less obvious indicators of alcohol consumption when assessing an underage drinking driver, but not because there is a `different' or `lesser' probable cause standard to satisfy. Rather, we believe that the indicators of two hundredths of a gram by weight of alcohol per two hundred ten liters of breath are more subtle than the indicators of one tenth of a gram by weight of alcohol per two hundred ten liters of breath. See R.C. 4511.19(A)(3); [R.C. 4511.19(B)(2).] Thus, the facts which constitute probable cause to arrest an underage driver are different from the facts necessary to constitute probable cause to arrest an adult driver." See, also,Columbus v. Weber, 10th Dist. No. 06AP-845, 2007-Ohio-5446, at ¶ 12;State v. Knight, 5th Dist. No. 2005-CA-140, 2005-Ohio-6951, at ¶ 28; and *Page 6 State v. Gibson (Mar. 17, 2000), 4th Dist. No. 99CA2516, 2000 Ohio App. LEXIS 1197, at *10, all citing Stidham.
 {¶ 16} Fuhrman urges this court to find that Sergeant Parker did not have probable cause to believe that he was operating a motor vehicle after underage consumption. We disagree.
 {¶ 17} In the instant matter, Sergeant Parker testified he stopped Fuhrman's vehicle for a speeding violation. When Sergeant Parker approached Fuhrman's vehicle, he requested his license. Then, Sergeant Parker ran Fuhrman's information through dispatch and learned that Fuhrman was driving under suspension for failing to reinstate his driver's license. Fuhrman was placed in the back seat of the police cruiser. Fuhrman then gave Sergeant Parker consent to search his vehicle. When Sergeant Parker returned to his police cruiser after searching Fuhrman's vehicle, he noticed a faint odor of alcohol coming from Fuhrman. At the scene, Fuhrman was placed under arrest for driving under suspension and a drug paraphernalia possession charge. Fuhrman was then transported to the police station. During processing, Sergeant Parker was able to ascertain the age of Fuhrman — 19 years of age. While in the booking room, Sergeant Parker was still able to smell an odor of alcohol coming from the breath of Fuhrman. Sergeant Parker then administered multiple standardized field sobriety tests. Specifically, prior to turning on the booking video, Sergeant Parker administered the "horizontal gaze nystagmus" ("HGN") test. After turning on the booking video, he administered the "walk-and-turn" and "one-leg stand" tests. After administering the field sobriety tests, Sergeant Parker had probable cause to arrest *Page 7 
Fuhrman for the "underage consumption" portion of the operating a motor vehicle under the influence of alcohol statute.
 {¶ 18} Furthermore, at the suppression hearing, Sergeant Parker testified to the following regarding the breathalyzer test:
 {¶ 19} "[Sergeant Parker]: He was going to be administered one [a breathalyzer test] pending the results of the rest of the tests. I just wanted to see what his reaction — if he'd be willing to take one or not.
 {¶ 20} "[Defense Attorney]: And at that point did you feel like you had probable cause to arrest him for OVI?
 {¶ 21} "* * *
 {¶ 22} "* * *
 {¶ 23} "[Sergeant Parker]: At that point I already had an odor from his breath —
 {¶ 24} "* * *
 {¶ 25} "[Sergeant Parker]: — as well as the HGN test that I had administered so had he refused all the tests from that point on, the results still would have been the same."
 {¶ 26} Therefore, when examining the facts of the instant case under the totality of the circumstances, we find that Sergeant Parker had probable cause to arrest Fuhrman for a violation of R.C. 4511.19(B)(3).
 {¶ 27} We further note that since Sergeant Parker complied with R.C. 4511.191, the results of the breathalyzer test cannot be suppressed.
 {¶ 28} R.C. 4511.191, which governs implied consent states, in pertinent part: *Page 8 
 {¶ 29} "(A)(2) Any person who operates a vehicle * * * upon a highway or any public or private property used by the public for vehicular travel or parking within this state or who is in physical control of a vehicle * * * shall be deemed to have given consent to a chemical test or tests of the person's * * * breath * * * if arrested for a violation of division (A) or (B) of section 4511.19 of the Revised Code, section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance, or a municipal OVI ordinance.
 {¶ 30} "(3) The chemical test or tests under division (A)(2) of this section shall be administered at the request of a law enforcement officer having reasonable grounds to believe the person was operating or in physical control of a vehicle * * * in violation of a division, section, or ordinance identified in division (A)(2) of this section. The law enforcement agency by which the officer is employed shall designate which of the tests shall be administered." (Emphasis added.)
 {¶ 31} Pursuant to the language of R.C. 4155.191, prior to reading BMV Form 2255 and requesting alcohol testing, a suspect must first be arrested for an alcohol-related offense. Gates Mills v. Wazbinski, 8th Dist. No. 81863, 2003-Ohio-5919, at ¶ 28. A review of the evidence in the instant case reveals that Fuhrman was, in fact, placed under arrest before Sergeant Parker read BMV Form 2255. It was not until after Fuhrman was placed under arrest and BMV Form 2255 was read that Fuhrman gave his actual consent for the breathalyzer test. There was some question in the hearing as to whether Sergeant Parker placed Fuhrman under arrest before requesting him to take the breathalyzer test. However, it is clear from viewing the video that Fuhrman was under arrest at that time. In reading BMV Form 2255 to Fuhrman, prior to Fuhrman *Page 9 
consenting to take the test, Sergeant Parker stated: "You are now under arrest for * * * operating a vehicle after underage consumption of alcohol * * *." Therefore, Sergeant Parker complied with R.C. 4511.191 and, thus, the results of the breathalyzer test cannot be suppressed.
 {¶ 32} We do not necessarily agree with Fuhrman's contention, as stated in the sole assignment of error, that the trial court "* * * found probable cause was not necessary to administer a breath test since the defendant-appellant was already in lawful custody * * *." The trial court simply stated that Fuhrman "* * * was already in lawful custody when the decision to cite him for that offense was made, and the suppression of evidence due to his unlawful arrest is not indicated." While this may not be the most appropriate expression of the issues, for the reasons stated herein, we agree based on a review of the record that the result was correct.
 {¶ 33} Based on the foregoing, appellant's sole assignment of error is overruled. The judgment of the Willoughby Municipal Court is affirmed.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1