DECISION. *Page 2 
{¶ 1} Eighteen-year-old driver Logan Carroll was stopped by police for speeding. During the traffic stop, state trooper Dexter Howard noticed that Carroll smelled of alcohol, and that he had glassy and bloodshot eyes. And Carroll admitted to Howard that he had been drinking beer a few hours earlier. Howard administered three field sobriety tests. Carroll demonstrated no signs of impairment. But based on Carroll's age, his appearance, the odor of alcohol, and Carroll's admission, Howard arrested Carroll for driving under the influence of alcohol ("DUI").
 {¶ 2} Police charged Carroll with a violation of R.C. 4511.19(B)(3). This code section prohibits anyone under 21 years old from driving with a concentration of at least .02 but less than .08 grams by weight of alcohol per 210 liters of his breath. Carroll moved to suppress the evidence against him, successfully arguing that police had not had probable cause to arrest him. In one assignment of error, the city now appeals, contending that the trial court's judgment must be reversed. The city is correct.
 {¶ 3} Appellate review of a motion to suppress presents a mixed question of law and fact.[1] We must accept the trial court's findings of fact as true if they are supported by competent and credible evidence.[2] With respect to the trial court's conclusions of law, however, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard.[3]
 Probable Cause to Arrest {¶ 4} Probable cause to arrest without a warrant exists where, based on the totality of the circumstances, an officer possesses sufficient information to cause a *Page 3 
reasonable and prudent person to believe that a suspect is committing or has committed a criminal offense.[4] Probable cause is a flexible, commonsense standard dealing with probabilities, not certainties.[5]
 Impairment is Not the Issue {¶ 5} In granting Carroll's motion to suppress, the trial court focused, in part, on the fact that Carroll had passed the field sobriety tests, and that there was no other evidence that Carroll had been impaired. But the issue of impairment was immaterial. R.C. 4511.19(B)(3) prohibits anyone under 21 years old from driving with a blood alcohol content ("BAC") of .02 or higher, regardless of actual impairment.[6]
And while field sobriety tests can reveal physical impairment that sometimes accompanies a higher BAC, [7] there is no evidence in the record that field sobriety tests can accurately predict a .02 BAC. So the trial court's reliance on Carroll's performance on field sobriety tests as an indicator of probable cause was misplaced.
 {¶ 6} The irrelevance of field sobriety tests leaves the courts and law enforcement in somewhat of a quandary since the methods frequently used for a probable-cause determination do not necessarily apply to an underage drinker. The trial court recognized the problem in this case, writing that the state should have produced more evidence demonstrating why it was reasonable for Howard to believe that Carroll's BAC was at least .02. We hold otherwise. *Page 4 
 {¶ 7} Case law discussing what constitutes probable cause to arrest for an underage DUI is sparse. But State v. Stidham[8] is persuasive. In Stidham, the Third Appellate District wrote that an officer must look for "less obvious indicators of alcohol consumption when assessing an underage drinking driver" because these indicators are naturally more subtle than the indicators in a per se offense with a higher prohibited BAC level. The Stidham court upheld the arrest of a 20-year-old driver where that driver had smelled of alcohol, had bloodshot eyes, admitted that he had been drinking, and had swerved while driving.
 {¶ 8} The Fourth, [9] Fifth, [10] Eighth, [11] and Tenth[12]
Appellate Districts have followed Stidham or have cited it with approval. We adopt Stidham's reasoning to the extent that common sense can and should play a role in an arresting officer's probable-cause determination in an underage DUI case, given that the prohibited per se limit is so minimal.[13] We reject the language in Stidham, however, that an officer should look for "slight indicators of impairment" when deciding whether to arrest for a violation of R.C. 4511.19(B)(3), since, as we have already noted, impairment is not at issue.
 The Arrest was Valid {¶ 9} In relevant part here, the trial court found that 18-year-old Carroll had been speeding, that he had smelled of alcohol, that he had glassy and bloodshot eyes, and that he had admitted to drinking a couple of beers a few hours earlier. Under these facts, we hold that Howard had probable cause to believe that Carroll was in violation of R.C 4511.19(B)(3). *Page 5 
 {¶ 10} The city's sole assignment of error is, therefore, sustained. We reverse the trial court's judgment and remand this cause for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
HlLDEBRANDT, P.J., and DlNKELACKER, J., concur.
Please Note:
The court has recorded its own entry on the date of the release of this decision.
[1] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71, at ¶ 8.
[2] State v. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583.
[3] Burnside, supra.
[4] See Gerstein v. Pugh (1975), 420 U.S. 103, 95 S.Ct. 854; Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223; State v. Heston (1972), 29 Ohio St.2d 152, 155-156, 280 N.E.2d 376.
[5] Texas v. Brown (1983), 460 U.S. 730, 742, 103 S.Ct. 1535;Illinois v. Gates (1983), 462 U.S. 213, 230-232, 103 S.Ct. 2317.
[6] See State v. Wilcox (1983), 10 Ohio App.3d 11, 460 N.E.2d 323;Columbus v. Rodriguez (Nov. 7, 1996), 10th Dist. No. 96APC05-601.
[7] See, generally, State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212,732 N.E.2d 952 overruled in part on other grounds by State v.Boczar, 113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155
[8] (Mar. 27, 1998), 3rd Dist No. 8-97-34.
[9] State v. Gibson (Mar. 17, 2000), 4th Dist. No. 99CA2516.
[10] State v. Knight, 5th Dist. No. 2005-CA-140, 2005-Ohio-6951.
[11] Kirtland Hills v. Fuhrman, 8th Dist. No. 2007-L-151,2008-Ohio-2123.
[12] Columbus v. Weber, 10th Dist. No. 06AP-845, 2007-Ohio-5446.
[13] See Brown, supra; Gates, supra; Painter, Ohio Driving Under The Influence Law (2007), Section 1:19. *Page 1