[Cite as *State v. Williams*, 2011-Ohio-6032.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110069 |
|  |  | TRIAL NO. 10TRC-41145 |
| Plaintiff-Appellant, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
| ALLEN G. WILLIAMS, | : |  |
| Defendant-Appellee. | : |  |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 23, 2011

*John Curp*, City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Nicholas Klingensmith*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Jeffrey C. Meadows*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

SYLVIA S. HENDON, Judge.

{¶1}    Plaintiff-appellant the City of Cincinnati has appealed from the trial court's entry granting defendant-appellee Allen Williams' motion to suppress. Because we find that Williams' arrest was not supported by probable cause, we affirm the trial court's judgment.

### The Arrest

{¶2}    On August 8, 2010, at approximately 12:00 in the afternoon, Cincinnati Police Officer David Moore had encountered a disabled vehicle on the side of the highway on southbound Interstate 71.   Officer Moore discovered that the vehicle was unlocked, and as he began to secure it Williams approached him. Williams explained that the vehicle had run out of gas while Williams had been driving.  While speaking to Williams, Officer Moore noticed a slight to moderate odor of an alcoholic beverage, and that Williams had bloodshot eyes.

{¶3}    Williams was unable to produce his driver's license, but he told Officer Moore that he was 20 years old.   Officer Moore ran a query on Williams and discovered that he had three open capiases.   Williams then admitted that he had been drinking the night before.   After having Williams submit to a portable breath test, Officer Moore placed him under arrest and transported him to the police station.  At the station, Williams agreed to submit to a breath-alcohol test.  His test results were .022 grams of alcohol per 210 liters of breath.

{¶4}    Officer Moore charged Williams with a violation of R.C. 4511.19(B)(3), operating a motor vehicle after underage alcohol consumption.   This code section states that no person under the age of 21 shall operate a vehicle if the person has a

concentration of at least .02 but less than .08 grams by weight of alcohol per 210 liters of breath. Williams filed a motion to suppress the results of his breath-alcohol test, his statements, and all observations and opinions of Officer Moore. The trial court granted Williams' motion to suppress after finding that Officer Moore did not have probable cause to arrest Williams for a violation of R.C. 4511.19(B)(3). The city now appeals, arguing in one assignment of error that the trial court erred in granting Williams' motion to suppress because Officer Moore had probable cause to arrest Williams for a violation of R.C. 4511.19(B)(3).

{¶5} Our review of the trial court's ruling on a suppression motion presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. We must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. But we review de novo the trial court's application of the relevant law to those facts. Id.

### There was No Probable Cause

{¶6} Probable cause to arrest, in the absence of a warrant, exists when "based on the totality of the circumstances, an officer possesses sufficient information to cause a reasonable and prudent person to believe that a suspect is committing or has committed a criminal offense." *State v. Carroll*, 1st Dist. No. C-080160, 2008-Ohio-6832, ¶4.

{¶7} In *Carroll*, this court discussed the inherent quandary associated with making a probable-cause determination in the case of underage drinkers. See id. We noted that the issue of impairment is irrelevant to underage drinkers, as R.C. 4511.19(B)(3) prohibits driving with a breath-alcohol content of .02 or higher, regardless of whether the driver was actually impaired. Id. at ¶5. Because

impairment is not an issue, field sobriety tests are not instructive in the case of underage drinkers. Consequently this court held "common sense can and should play a role in an arresting officer's probable-cause determination in an underage DUI case, given that the prohibited per se limit is so minimal." Id. at ¶8.

{¶8} In *Carroll*, this court reversed the trial court's judgment that had granted Carroll's motion to suppress on the grounds that the arrest had not been supported by probable cause. In reversing, we noted that the following factors supported the arresting officer's probable-cause determination: Carroll had been stopped after speeding; he smelled of an alcoholic beverage; he had glassy and bloodshot eyes; and he had admitted to drinking a couple beers a few hours earlier. Id. at ¶9.

{¶9} Following our review of the record before us, we find several distinguishing factors between this case and *Carroll*, and we conclude that Williams' arrest was not supported by probable cause. Unlike the defendant in *Carroll*, Williams was not stopped following a traffic violation. Rather, the arresting officer only encountered Williams after Williams' vehicle ran out of gas on the interstate. Further, *Carroll* involved an admission that the defendant had been drinking alcohol "a few hours earlier." In this case, there appears to be a greater temporal difference between the time of drinking and the time of arrest. Williams was arrested at approximately 12:00 in the afternoon, but had admitted to drinking the night before.

{¶10} In making our decision, we are mindful of the deference that must be accorded to an arresting officer's common-sense determination with respect to probable cause. But we cannot find that the observation of a slight to moderate odor of an alcoholic beverage and bloodshot eyes, along with the potentially lengthy lapse

of time between an afternoon arrest and an admission of drinking the night before, provided probable cause to believe that a violation of R.C. 4511.19B(3) had been committed.

{¶11} The city's assignment of error is overruled. The judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.

HILDEBRANDT, J., concurs.
DINKELACKER, P.J., dissents.

DINKELACKER, P.J., dissenting.

{¶12} I respectfully dissent as I believe the doctrine of stare decisis requires adherence to the law as pronounced in *State v. Carroll*, 1st Dist. No. C-080160, 2008-Ohio-6832. In my opinion, *Carroll* is not distinguishable.

{¶13} As *Carroll* noted, the issue of impairment is irrelevant to underage drivers. A violation of R.C. 4511.19(B)(3) occurs when an underage driver has a breath-alcohol content of .02 or higher regardless of whether impaired driving existed. Therefore, whether the driver was speeding, as in *Carroll,* or ran out of gas, as in this case, is of no matter in determining whether probable cause to arrest exists.

{¶14} Similar factors precipitated the arrests in *Carroll* and this case. Both defendants had bloodshot eyes, both smelled of an alcoholic beverage and both admitted to drinking alcohol prior to driving. Williams admitted drinking the night before, and Carroll indicated that he had been drinking alcohol "a few hours earlier." I cannot find that such a slight deviation in conduct constitutes sufficient grounds to distinguish.

{¶15} The words of *Carroll* are instructive and persuasive:

{¶16} "… common sense can and should play a role in an arresting officer's probable cause determination in an underage DUI case, given that the prohibited per se limit is so minimal." Id. at ¶8.

{¶17} Additionally, in *Carroll*, we cited *Texas v. Brown* (1983), 460 U.S. 730, 103 S.Ct. 1535. In discussing probable cause, *Brown* stated, "The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same – and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Id. at 742, quoting *United States v. Cortez* (1981), 449 U.S. 411, 418, 101 S.Ct. 690.

{¶18} This is a very close case. I certainly understand and appreciate the determination of the majority. I simply feel *Carroll* must be followed.

{¶19} I would sustain the city's assignment of error and reverse the trial court's judgment.

Please Note:

The court has recorded its own entry on the date of the release of this opinion.